LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence on defendant’s plea of guilty to an indictment charging him with sodomy in the first degree and sentencing him to imprisonment for twelve years. At the time of the action as to defendant’s plea of guilty, he was represented by an attorney who had been appointed by reason of defendant’s indigence. There was a hearing in open court, at which defendant and his appointed attorney were present, as to the voluntariness of an understanding by defendant of the consequences of his plea of guilty, which met the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Upon an entry of judgment of defendant’s guilt, the trial judge continued the case to a future date for sentencing, at which time defendant’s appointed attorney made known to the court that he had been discharged as an attorney by the defendant and requested that he be allowed to withdraw as an attorney in the case. The defendant was asked by the trial judge whether there was any reason why he should not be sentenced at that time and the defendant replied, “No, sir.” The court then proceeded to fix defendant’s punishment at imprisonment in the penitentiary for twelve years and stated that there was “no probation involved because the sentence is over ten years.” The trial judge then let the defendant know that he could appeal his case and, in view of defendant’s indigency, appointed an attorney to represent him on appeal, an attorney different from the one who represented him on the trial.
Among the documents found in the record on appeal is a handwritten pro se petition signed by Richard Otis Foster entitled “Petition Seeking relief (From Cruel and Unusual Punishment),” which apparently was filed in the District Court of Talladega County prior to the indictment in the case, which contains, inter alia, the following averments:
“Upon arrival at Talladega City Police Department as of 3-30-84, Defendant was denied phone calls, on numerous occasions, in this same instance (on the same night). Defendant was interrogated severely, without Counsel, Chief of Detective Captain Dennis Surette, also made the statements: You won’t like me when I get mad: which I took in the form of a threat, there was inadequate food enough to sustain life (barely). I was also inclined, and I proceeded to do so, dismiss Counsel, on the grounds of incompetence, as a lawyer, whereas: He didn’t do anything to even try to prepare an adequate defense, he simply stated: The State ‘had enough evidence to convict me through a statement I signed, (which showed, that he was speaking to me about committing myself to the Charge of Sodomy 1st Degree on copping out to the charge rather than going through all details of why I signed the statement, or explaining Defense purposes, such as functions of a Suppress motions, nor was it mentioned, which I Concede that it was, done out of fear, for my wellbeing, as well as I didn’t fully understand, that I had any other alternative in the matter, but to do what I was asked to do or suffer the consequences. After this order was ended [sic] I was sent to the Talladega County Jail 5-22-84, Conditions are similar and really discouraging. There is no outlet, no Television to view particular programs very Foul smelling Commodes are stopped up. The personnel, issues no tooth paste, tooth brushes, washes about once almost two weeks apart, no recreation, very dif *814 ficult to see a Doctor, and also the place remains dirty for days apart.
“Wherefore petitioner prays that relief can and will be obtained through his petition in regard to ‘cruel and unusual punishments’ of the 4th Amendment to the Constitution of the United States of America.”
The appointed counsel for appellant concludes his brief as follows:
“Counsel having reviewed the record extensively, has been unable to find any error in the record supporting any ap-pealable issue. Nor does counsel have any independent knowledge of any fact which would constitute error in the proceedings. Appellant is, however, eager to have all the issues explored and therefore his attorney has presented this appeal.
“This Court is no doubt thoroughly familiar with the requirements of Boykin v. Alabama and Brady v. United States* and appellant respectfully requests that the Court review the record in light of these authorities and any other authorities . . . which it may be familiar with.”
In our opinion, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

 Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (Í970).